UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| DELORES A. MILLER | ) | |
| | ) | |
| v. | ) | NOS. 2:13-CV-299 |
| | ) | |
| CAROLYN COLVIN | ) | |
| ACTING COMMISSIONER OF | ) | |
| SOCIAL SECURITY | ) | |

## REPORT AND RECOMMENDATION

The thrust of plaintiff's *pro se* complaint is that she has actually been disabled since June 12, 2008, whereas an administrative law judge determined that her disability onset date was October 21, 2010. The defendant commissioner has filed a motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, *i.e.*, that the court lacks subject-matter jurisdiction, doc. 5. The motion is supported by the declaration of Patrick Herbst, who is chief of Court Case Preparation and Review Branch 3 of the Office of Appellate Operations, Office of Disability adjudication and Review, Social Security Administration.

Defendant's assertion that this court lacks subject-matter jurisdiction is essentially a plea of *res judicata*. It is defendant's argument that an earlier application for disability insurance benefits filed by plaintiff, in which she alleged an onset date of June 12, 2008, was denied, first by the agency and then by an administrative law judge. That decision ultimately became final, and it is that decision which plaintiff now attacks in this suit.

A report and recommendation was filed on February 26, 2014, under the mistaken

belief that plaintiff had not responded to the motion to dismiss and the time had expired for her to do so. Upon learning that the time for responding had not expired, that report and recommendation was withdrawn. Moreover, the court allowed her additional time - through March 17, 2014, to respond to the commissioner's motion.

Plaintiff has now filed her response, doc. 12, and unfortunately it changes nothing. First, she complains that she has been mistreated by the local court system. By "local court system," she apparently intends to refer to the administrative law judge who handled her claim for disability benefits.

Second, she requests that this court appoint an attorney for her. The court cannot appoint an attorney for a litigant in a civil case; *see, Tabron v. Grace*, 6 F3d. 147, 153 (3rd Cir. 1993). Although this court could *request* a lawyer to represent this plaintiff without charge under 28 U.S.C. 1915(e)(1), even if a lawyer acceded to the court's request and represented the plaintiff, it would accomplish nothing except depriving that lawyer of otherwise compensable time. In other words, the outcome of this case is inevitable.

In March, 2009, plaintiff filed her first application for disability and disability insurance benefits, claiming an onset date of June 12, 2008. That application ultimately was denied by an administrative law judge on October 20, 2010. On February 22, 2012, the appeals council declined to review that decision, and plaintiff never requested any judicial review.

In November 2010, plaintiff filed a *new* application for benefits, again claiming that she had become disabled in June, 2008. The Social Security Administration, on August 16,

2011, granted the plaintiff benefits based upon this new application, finding that she became disabled on February 22, 2011, but only awarded benefits commencing in August, 2011.[1] Plaintiff filed a "request for reconsideration" with the Administration, maintaining that she disagreed with the decision "because I feel I became disabled on June 12, 2008."[2]

Plaintiff's request was denied and she requested a determination by an administrative law judge. Plaintiff and her counsel met with the same ALJ who had denied her first application on August 14, 2012. After stating that he could not and would not reopen the October, 2010, decision that denied her first application, the administrative law judge on this occasion found that plaintiff became disabled one day after the date of his previous decision, *viz*, October 21, 2010, thereby providing the plaintiff with nearly a year of additional benefits beyond what the Administration awarded her. The October 21, 2010 date was the day after the previous, *final* decision on the first application. Plaintiff counsel, expressing his gratitude, stated to the ALJ, "that's all you can do."[3] The ALJ rendered a written decision to this effect. Plaintiff requested Appeals Council review, which was denied. This led to her filing this suit.

The issue here is straight-forward; may this court now review the October 2010 decision that denied plaintiff's first application for benefits? Asked another way, may this court now find that plaintiff was disabled prior to October 20, 2010?

---

[1] Doc. 6-4

[2] Doc. 6-5

[3] Doc. 6-7, pg 5

3

The answer to both questions is, no.

The only authority for judicial review of actions of the Social Security Administration, other than for constitutional claims not present here, is contained in 42 U.S.C.§ 405(g). It provides that a party," after a final decision of the Commissioner of Social Security made after a hearing to which he was a party...may obtain a (judicial) review of such decision by a civil action commenced within sixty days..." after mailing of the notice of the final decision. As stated above, the plaintiff's suit was not filed until a year and a half after notice of the final decision on the first application was mailed to her. That determination that she was not disabled became the law of the plaintiff's case as of the date of that decision, October 20, 2010.

Plaintiff was required to seek judicial review of the administrative law judge's October, 2010, ruling within sixty days of the finality of that ruling; see, 42 U.S.C. § 405(g). The decision of the appeals council that declined to review the October, 2010, decision of the administrative law judge was mailed to the plaintiff on February 22, 2012.[4] Plaintiff filed this suit on November 7, 2013, far more than sixty days after the mailing of the notice from the appeals council. Thus, the October 20, 2010 decision of the administrative law judge that denied plaintiff's first application for benefits was final before plaintiff filed her suit, as a result of which this court may not review it.

This court can do nothing in this case beyond what Congress has provided in its laws,

---

[4] Doc. 6-2.

4

and under the facts of this case this court has no subject matter jurisdiction. So hopefully plaintiff will understand, if this court has no subject matter jurisdiction, *it can do nothing*; it is powerless to act.

Both the United States Supreme Court and the Sixth Circuit have held that federal courts lack subject matter jurisdiction to judicially review a refusal by an ALJ to reopen a prior final decision, other than on a constitutional claim. *Califano v. Sanders*, 97 S.Ct. 980, 985-86 (1977); *Glazer v. Commissioner of Social Security*, 92 Fed. Appx. 312, 314, 2004 WL 551477 (6th Cir. 2004). *Glazer*, relying on *Califano*, specifically stated that "[a]bsent any colorable constitutional claim, a federal court has no jurisdiction to review the Commissioner's decision not to reopen."

It is paradoxical that the Administrative Law Judge *could* have re-opened his earlier decision, whereas this court is powerless to review his decision not to do so. But notwithstanding that it is paradoxical and even arguably unfair, this court cannot rewrite the statute or the regulations thereunder.

Thus, the ALJ granted the plaintiff the earliest disability onset date possible, and this Court is without jurisdiction to order a different outcome.

It is therefore recommended that the court grant the commissioner's motion to dismiss, doc. 5, on the basis that this court has no subject-matter jurisdiction.[5]

SO ORDERED:

---

[5] Any objections to this report and recommendation must be filed within fourteen (14) days of its service or further appeal will be waived. 28 U.S.C. 636(b)(1).

s/ Dennis H. Inman
United States Magistrate Judge